**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-4308**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

QUENTIN BERNARD MYERS, a/k/a Q,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, Senior District
Judge.  (CR-02-335)

_____

Submitted:  February 23, 2006      Decided:  February 28, 2006

_____

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James A. Brown, Jr., LAW OFFICES OF JIM BROWN, P.A., Beaufort,
South Carolina, for Appellant.  Jonathan Scott Gasser, Acting
United States Attorney, Columbia, South Carolina, Rose Mary Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Quentin B. Myers appeals from his 148-month sentence imposed following his guilty plea to conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base (crack) and five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (2000). Myers' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but challenging the enhancement of Myers' sentencing range based on a prior drug conviction. Myers was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm Myers' conviction and sentence.

We find that Myers' guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11. Myers was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea, and that the plea was not coerced or influenced by any promises. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly computed Myers' offense level and criminal history category and correctly determined the advisory guideline range. Counsel challenges the

- 2 -

validity of an enhancement to that range based on Myers' prior drug-related conviction. That enhancement resulted in a mandatory minimum sentence of 240 months. However, the district court granted the Government's motion for a downward departure based on Myers' substantial assistance and sentenced Myers to 148 months. Because the sentence imposed was significantly less than the mandatory minimum created by the enhancement, Myers' has shown no prejudice resulting from the alleged error. See United States v. Olano, 507 U.S. 725, 734 (1993) (providing analysis of plain error review applicable where objection is not asserted in district court).

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Myers'conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED